UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT JOHN DELANG,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | ) Civil Case No.: 08CV1036<br>) Criminal Case No.: 91CR0065<br>)<br>) **ORDER DENYING MOTION TO**<br>) **MODIFY SENTENCE [DKT. NO.**<br>) **162]**<br>)<br>) [18 U.S.C. § 3582]<br>) |
|---|---|

## INTRODUCTION

Petitioner Robert John Delang ("petitioner"), appearing pro se, filed a "motion to modify a sentence" pursuant to 18 U.S.C. § 3582. The motion has been fully briefed by the parties. (See Dkt. Nos. 167 & 170.) After a thorough review of the record, the submissions of the parties, and for the reasons set forth below, this Court hereby **DENIES** petitioner's motion.

## BACKGROUND

On September 23, 1991, a jury found petitioner guilty of violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm, and § 924(c)(1), Use of and Carrying a Firearm During a Crime of Violence. The Honorable Judith N. Keep, District Court Judge, sentenced petitioner to 420 months in custody (360 months for violating § 922(g)(1) and 60 months for violating § 924(c)(1)).

Petitioner appealed his conviction and sentence. In a published decision, the Ninth Circuit Court of Appeals affirmed petitioner's conviction for violating § 922(g)(1) but reversed

his conviction for violating § 924(c)(1), holding that possession of a firearm is not a "crime of violence" for purposes of determining whether a defendant is guilty of violating § 924(c)(1). United States v. Canon, 993 F.2d 1439, 1441 (9th Cir. 1993) ("Canon I"). The Ninth Circuit further held that, while petitioner should not have been sentenced as a career offender under U.S.S.G. section 4B1.1, petitioner was appropriately sentenced as an armed career criminal under U.S.S.G. section 4B1.4 because petitioner had three prior convictions for armed robbery. Canon I, 993 F.2d at 1441-42. Accordingly, the Ninth Circuit remanded petitioner's case for resentencing, directing the district court to sentence petitioner as an armed career criminal but not as a career offender. The Ninth Circuit did so even though Petitioner had committed his crimes in August 1990 and the Sentencing Guidelines did not reference the Armed Career Criminal Act (as set forth in U.S.S.G. section 4B1.4) until November 1990.

On remand, the district court applied the section 4B1.4 enhancement, finding it could retroactively analogize section 4B1.4 to facts present in petitioner's case to upwardly depart from petitioner's guideline sentence for a total offense level of thirty-four. Thus, the district court sentenced petitioner to 327 months.

Petitioner again appealed his sentence, asserting, among other things, that the district court's use of section 4B1.4 to depart from the guideline sentence violated the Ex Post Facto Clause. In United States v. Canon, 66 F.3d 1073 (9th Cir. 1995) ("Canon II"), the Ninth Circuit vacated petitioner's sentence and again remanded for resentencing, finding that the district court's use of section 4B1.4 violated the Ex Post Facto Clause.

On remand, the district court again sentenced petitioner to 327 months, relying on extraordinary aspects of the offense of conviction not adequately taken into consideration in the guidelines or on criminal history grounds to upwardly depart from the mandatory minimum sentence set forth in 18 U.S.C. § 924(e).

Petitioner again appealed his sentence. In an unpublished decision, the Ninth Circuit affirmed petitioner's sentence. United States v. Canon, 121 F.3d 718 (9th Cir. 1997).

///

///

## DISCUSSION

Section 3582 provides, in relevant part, that a court may reduce a sentence upon a motion by a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent those factors are applicable and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner contends he filed the instant motion pursuant to 18 U.S.C. § 3582. (Dkt. No. 162 at 1.) Petitioner asserts, however, that his 327-month sentence was inappropriate given U.S.S.G. Amendments 443, 461, and 691—each of which purportedly requires the "instant offense" under U.S.S.G. sections 4B1.1 and 4B1.4 to be a "crime of violence." Petitioner then asserts that, because the "instant offense" for which he was sentenced (Felon in Possession of a Firearm) was not a "crime of violence," petitioner's sentence should be reduced to reflect the inapplicability of sections 4B1.1 and 4B1.4. In his traverse, petitioner argues (for the first time) that "his prior possession of a firearm charge can not be used [in determining whether the fifteen-year mandatory minimum sentence set forth in § 924(e) applies], and if Petitioner does not have 'three violent felonies' he can only be sentenced to '10 years', [as set forth in] 18 U.S.C. §924(a)(2)." (Dkt. No. 170 at 2.) In sum, petitioner does not assert he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. As such, petitioner's motion pursuant to § 3582 is inappropriate.

This Court, however, ignores the legal label attached to petitioner's pro se motion and recharacterizes it to avoid inappropriately stringent application of formal labeling requirements and to create a better correspondence between the substance of the motion's claim and its underlying legal basis. See Castro v. United States, 540 U.S. 375, 381-82 (2003). Because Petitioner appears to claim his sentence was in excess of the maximum authorized by law, it is more appropriately characterized as a motion pursuant to 28 U.S.C. § 2255.

A motion pursuant to § 2255 must be brought within one year from the latest of, among

other things, the date on which the judgment of conviction becomes final. 18 U.S.C. § 2255(f)(1). Petitioner's judgment of conviction became final, at the latest, in 1997 when the Ninth Circuit affirmed the sentence he is now serving. Because petitioner filed his motion in 2010, it is barred by the applicable limitations period.

Even if it were not barred by the applicable limitations period, however, petitioner's request is barred because he failed to raise his instant request on direct appeal even though he could have done so because the U.S.S.G. Amendments on which he relies were effective in November 1991 and 1992, and petitioner appealed his sentence through January 1996 (Dkt. No. 118). See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994) (holding that a defendant may not raise an issue by way of a § 2255 motion that could have been raised on direct appeal).

Even if this Court were to address the substance of petitioner's request, however, petitioner's request is without merit. First, petitioner was not ultimately sentenced using U.S.S.G. section 4B1.1 or section 4B1.5. Thus, petitioner's argument that his sentence should be modified to reflect the inapplicability of sections 4B1.1 and 4B1.5 is unpersuasive. Second, 18 U.S.C. § 924(e) provides that if a defendant with three prior violent felony convictions violates § 922(g)(1), that defendant is subject to a mandatory minimum sentence of fifteen years imprisonment. Petitioner was convicted of violating 18 U.S.C. § 922(g)(1), and, as the Ninth Circuit noted, "[petitioner's] three [prior] armed robbery convictions [were] . . . violent felonies." Canon I, 993 F.2d at 1441. As such, petitioner's argument that his "prior possession of a firearm charge" does not qualify as a violent felony for imposition of the mandatory minimum sentence under § 924(e) is unpersuasive. Lastly, the Ninth Circuit affirmed the district court's sentence relying on extraordinary aspects of petitioner's offense of conviction to upwardly depart from the mandatory minimum sentence set forth in § 924(e).

///
///
///
///

## CONCLUSION

Based on a review the record, the parties' submissions, and for the foregoing reasons, **IT IS HEREBY ORDERED** that petitioner's motion is **DENIED**.

Dated: September 1, 2011

_____
JOHN A. HOUSTON
United States District Judge